*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RAYMOND LAMONT MCKAY,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2021

No. 350625
Wayne Circuit Court
LC No. 19-002611-01-FC

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

A jury convicted Raymond Lamont McKay of armed robbery, MCL 750.529, assault with a dangerous weapon (felonious assault), MCL 750.82, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. McKay contends that his counsel failed to accurately advise him of a plea agreement extended by the prosecution and that his within-guidelines armed robbery sentence was unreasonable and disproportionate. We affirm.

## I. BACKGROUND

On August 6, 2018, McKay accompanied Huey Taylor to the home of Dimetre Joe. Joe told McKay and Taylor that he was trying to sell his Xbox. Joe brought a flat screen television from his bedroom into the living room and connected the Xbox to show the visitors that it worked. McKay asked Joe for a tissue and Joe went into the kitchen to retrieve it. When Joe returned, McKay was waiting with a handgun. He ordered Joe to get on the ground and unlock his cell phone. Nervous, Joe struggled to enter the correct password. McKay became angry, shoved the gun in Joe's mouth, and then struck Joe with the gun in the head. When Joe unlocked the phone, McKay grabbed it. While Joe continued to lie on the ground, McKay (and likely Taylor) left the home with two flat screen TVs, the Xbox, and Joe's cell phone.

## II. ASSISTANCE OF COUNSEL

The parties waited until the first day of trial to place the terms of a proposed plea agreement on the record. Under the agreement, McKay would plead guilty to counts one and three—*armed robbery* and the connected felony-firearm—and the prosecution would dismiss counts two and

four—felonious assault and its connected felony-firearm. Defense counsel advised the court that he had discussed the offer with his client. During his recitation, defense counsel stated, "The guidelines in this matter are four point two five, *unarmed robbery*; to seven point zero eight, on the minimum." McKay stated on the record that he wished to proceed to trial. The court reiterated the sentencing consequences of proceeding to trial as compared to under the plea and specified that the plea included a charge of *armed robbery*. McKay again asserted that he would not enter a plea and would proceed to trial.

On appeal, McKay contends that his counsel only discussed the plea agreement with him that day and did not adequately explain the terms. McKay asserts that he had mere minutes to make up his mind and that "[h]e was never told or counseled that this offer was to *unarmed* robbery or what the difference was between a plea to armed or unarmed robbery."

We need not delve into a legal analysis of McKay's claim as it is based on a factual fallacy. It is clear from the record that one of two things occurred in the trial court: either defense counsel misspoke while addressing the court or the court reporter made a transcription error.

McKay was well aware of the charges against him on the first day of trial. All documents related to the case indicated that McKay was charged with armed robbery. In extending the plea offer on the record, the prosecutor referred to the charges by number rather than name. And Count I was armed robbery. The prosecution never offered to allow McKay to plead to unarmed robbery and defense counsel could not present to his client a plea offer including that term. There simply was no error. Absent any error, defense counsel cannot be deemed ineffective.

## III. PROPORTIONALITY OF SENTENCE

McKay further contends that his sentence of 8 to 20 years imprisonment for armed robbery was unreasonable and disproportionate. Specifically, McKay contends that MCL 769.34(10) was rendered invalid by our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Therefore, he insists, even sentences based on accurately scored guidelines that fall within the minimum sentencing range may be deemed unreasonable.

McKay makes no challenge to the scoring of his sentencing guidelines and does not contend that the court relied on any inaccurate information. The recommended minimum sentencing guidelines range based on McKay's guideline scores was 81 to 135 months. McKay's eight-year minimum sentence fell within the lower half of that range. A within-guidelines sentence based on accurately scored guidelines is deemed proportionate and must be affirmed. *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017), rev'd in part on other grounds 504 Mich 929 (2019).

This basic rule stemming from MCL 769.34(10) was not altered by *Lockridge*. *Lockridge* held that the minimum guidelines ranges in the legislative sentencing guidelines are advisory, rather than mandatory. *Lockridge*, 498 Mich at 392. Sentences imposed post-*Lockridge* that deviate from the sentencing guidelines are evaluated for reasonableness under the principle of proportionality first articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017). However, within-guidelines sentences are still considered "presumptively proportionate." *People v Odom*, 327 Mich App 297,

315; 933 NW2d 719 (2019). And post-*Lockridge*, we still must affirm a within-guidelines sentence when there is no allegation of scoring errors or that the court relied on inaccurate information. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10). As this Court has held, "*Lockridge* did not alter or diminish MCL 769.34(10)." *Schrauben*, 314 Mich App at 196 n 1. See also *People v Posey*, ___ Mich App ___; ___ NW2d ___ (Docket No. 345491, 2020), slip op at 8-9.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan